**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHAWN TUCKER,

                    Plaintiff,                    CIVIL ACTION NO. 05-CV-70202-DT

        vs.                                        DISTRICT JUDGE GERALD ROSEN

THRIFTY CAR SALES                           MAGISTRATE JUDGE MONA K. MAJZOUB
INC., ET AL.,

                    Defendants.
_____/

**MOTION DENYING PLAINTIFF'S EMERGENCY MOTION TO**
**COMPEL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**AND REQUEST FOR PRODUCTION OF DOCUMENTS AND ORDER**
**PERMITTING DISCOVERY TO COMMENCE**

        Plaintiff filed the instant action in United States District Court for the Eastern District of

Michigan on January 19, 2005.  Plaintiff attached and served pleadings identified as "Discovery

Requests" simultaneously with her complaint.  Plaintiff alleges that she was arrested and detained

for several hours in April, 2003 because a car she had rented had falsely been reported as being

stolen.  Plaintiff's Second Discovery Requests were served on Defendants on or about February 25,

2005.  Plaintiff filed a FOIA request for police records relating to her arrest on August 8, 2003.  On

March 8, 2005 Plaintiff filed the instant Emergency Motion to Compel Answers to Plaintiff's First

Set of Interrogatories and Requests  for Production of Documents.   Plaintiff claims she attempted

to obtain the defendants' concurrence to her motion, but was unsuccessful.  The Court set March 28,

2005 as the response date to Plaintiff's motion.  On March 17, 2005 Defendants Terry and City of

Pontiac filed a response to Plaintiff's Motion.  To date, no initial discovery conference has been held

as contemplated by Fed. R. Civ. P. 26 (f).

Plaintiff avers that discovery in this matter should begin promptly, because she has not been able to discover the identity of all proper Defendants to this action, and that the statute of limitations on her claim ran in April, 2005.  Plaintiff further complains that Defendants have not responded to her discovery requests.

Defendants respond in part that Plaintiff's Motion does not comply with local rule 37.2, which provides  that

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

While it is within this Court's discretion to deny a motion for failure to comply with the local rules, Plaintiff's Motion suffers from a more serious defect, specifically that the  parties have not yet held a Rule 26(f) conference, and discovery in this case has not yet opened.  Fed. R. Civ. P. 26(d) provides that:

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).

Plaintiff's discovery requests do not fall within any of the exceptions to rule 26(d).  Plaintiff has not moved to open discovery, no court has ordered that discovery commence, and Defendants have not agreed to proceed with discovery.  The federal rules do not require that Defendants  give Plaintiff *any* response to its discovery request until after discovery has begun.  Plaintiff's Emergency

Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of

Documents is therefore **DENIED**.


Dated: June 23, 2005                          s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE




## Proof of Service

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: 6/23/05                                s/ Lisa C. Bartlett
                                              Courtroom Deputy


-3-